{¶ 45} I dissent from the majority's disposition of III.
 {¶ 46} I agree that, when coverage arises as a matter of law, the contractual exclusions are generally unenforceable. I disagree with the majority in finding the notice and subrogation clauses are exclusions.
 {¶ 47} In my view, our analysis begins with the threshold issue who is insured. The various exclusions to coverage, if enforcible, define whether a given individual in the particular circumstances is entitled to coverage.
 {¶ 48} Once we determine the person is entitled to coverage, this does not mean the person actually receives any money. There are various reasons why a covered person may not recover damages. One of those reasons is failure to meet conditions precedent, such as providing notice to the insurer and affording it the opportunity to defend its subrogation rights.
 {¶ 49} I believe notice and subrogation provisions differ in essence from exclusions. In the subrogation analysis, coverage has already been established. The focus moves to whether the insured preserved his or her right to recovery.
 {¶ 50} The exclusions in an insurance policy operate prior to the incident and determine coverage. The issues surrounding notice and subrogation are triggered only after the incident. Compliance is wholly within the control of the insured and the insurer has no role in the decisions which determine whether the insured is able to recover.
 {¶ 51} I find notice and subrogation provisions are definitely not exclusions, but are conditions precedent to recovery. As such, I would find the provisions are enforcible. I would sustain the third assignment of error.